O

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**EASTERN DIVISION**

| | |
|---|---|
| CHARLES LUTHER, | Case No. EDCV 10-00228-MLG |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| v. | |
| MICHAEL J. ASTRUE,<br>Commissioner of the Social<br>Security Administration, | |
| Defendant. | |

Plaintiff Charles Luther seeks judicial review of the Social Security Commissioner's denial of his application for disability insurance benefits ("DIB"). For the reasons stated below, the decision of the Commissioner is affirmed and the action is dismissed with prejudice.

**I.   Facts and Procedural Background**

Plaintiff was born on October 17, 1948. He has a high school education and has work experience as a truck driver for a freight company. (Administrative Record ("AR") 40, 147, 152.) Plaintiff filed an application for DIB on January 12, 2006, alleging

disability as of November 26, 1997, due to disorders of the back (discogenic and degenerative), muscle and ligament disorders and Post-Traumatic Stress Disorder ("PTSD"). (AR 10, 40.) Plaintiff had been granted benefits for a closed period of time between June 1, 1994 to May 1, 1996, following a November 25, 1997 hearing decision. (AR 42-44.) Plaintiff's date last insured was September 30, 2001.[1] (AR 10.)

Plaintiff's current application was denied initially and upon reconsideration. (AR 49-53, 57-61.) An administrative hearing was held October 29, 2007, before Administrative Law Judge ("ALJ") Joseph Schloss. (AR 738-750.) On November 17, 2007, ALJ Schloss issued an unfavorable decision. (AR 26-35.)

Plaintiff sought judicial review and the parties entered into a stipulated remand in which Plaintiff's PTSD claim would be heard by a different ALJ. (84-88.) On October 26, 2009 a second administrative hearing was held before ALJ Michael Radensky. Plaintiff, represented by attorney Bill LaTour, testified, as did Plaintiff's wife, Rosie Luther, medical expert David Glassmire and vocational expert Sandra Fioretti. (AR 695-737.)

ALJ Radensky issued an unfavorable decision on December 7, 2009. (AR 5-13.) The ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of November 26, 1997. (AR 10.) The ALJ further found that Plaintiff

---

[1] In order to qualify for disability insurance benefits, Plaintiff is required to establish that he was disabled on or before the date his insured status expired. 20 C.F.R. §404.131(b)(1); *Vincent ex rel. Vincent v. Heckler*, 739 F.2d 1393, 1394 (9th Cir. 1984); *Flaten v. Secretary of Health & Human Serv.*, 44 F.3d 1453, 1463 (9th Cir. 1995).

suffered from the following severe impairments: a history of back surgery, post-traumatic stress disorder, and a history of carpal tunnel syndrome. (Id.) The ALJ then determined that Plaintiff's impairments did not meet the requirements of a listed impairment found in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Id.) The ALJ also found that there was no medical evidence in the record to support Plaintiff's claim of PTSD prior to his date last insured of September 30, 2001. (AR 12.) The ALJ concluded that Plaintiff was not disabled as defined in the Social Security Act. (Id.)

Plaintiff commenced this action on February 22, 2010, and on August 17, 2010, the parties filed a joint stipulation ("Joint Stp.") of disputed facts and issues, including the following: (1) the ALJ failed to properly develop the record because he did not seek Veterans Affairs ("VA") records and (2) the ALJ failed to properly develop the record because he did not seek medical records from the Loma Linda VA. (Joint Stp. 2.) Plaintiff asks the Court to reverse and order an award of benefits, or, in the alternative, remand for further proceedings. (Joint Stp. 6.) The Commissioner requests that the ALJ's decision be affirmed. (Joint Stp. 7.)

**II.  Standard of Review**

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The Commissioner's decision must be upheld unless "the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole." *Tackett v. Apfel*, 180 F.3d 1094 (9th Cir. 1999); *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means more than a scintilla, but less than a

preponderance; it is evidence that a reasonable person might accept as adequate to support a conclusion. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007)(citing *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)). To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1996). "If the evidence can support either affirming or reversing the ALJ's conclusion," the court "may not substitute its judgment for that of the ALJ." *Robbins*, 466 F.3d at 882.

**III. The ALJ Properly Developed the Record**

Plaintiff claims that the ALJ abrogated his duty to develop the record because he did not seek VA disability pension records and Loma Linda VA medical records. (Joint Stp. 2.) Plaintiff argues that, because he testified at the administrative hearing that he had been granted a disability pension by the VA in 2004 and because he testified that he received mental health treatment at the Loma Linda VA sometime in the "early 2000's," this triggered the ALJ's duty to develop the record. (Joint Stp. 3, 5; AR 712, 715.) In this regard, it must be noted that Plaintiff's medical evidence regarding his claim of PTSD dates primarily from 2006 to the present, more than five years after his date last insured of September 30, 2001. (AR 195-694.)

A disability applicant bears the burden of proving disability and must provide medical evidence demonstrating the existence and severity of an alleged impairment. *See Mayes v. Massanari*, 276 F.3d

4

453, 459 (9th Cir. 2001); 42 U.S.C. § 423(d)(5)(A); 20 C.F.R. § 416.912(c). Nonetheless, an ALJ has a "duty to develop the record fully and fairly and to ensure that the claimant's interests are considered, even when the claimant is represented by counsel." *Mayes*, 276 F.3d at 459. An ALJ's duty to augment an existing record is triggered "only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence. *Id.* (citing *Tonapetyen v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001)).

Plaintiff argues that his vague statements regarding his VA pension and mental health treatment at the VA "sometime in the 2000's" triggered the ALJ's duty to develop the record. However, there were no ambiguous medical records or conflicting medical findings regarding the existence or severity of Plaintiff's PTSD which would trigger the ALJ's duty to further develop the record. Rather, there simply was no medical evidence at all prior to the date last insured of September 30, 2001 suggesting the existence of such a mental impairment. If medical records existed regarding Plaintiff's PTSD that were relevant to the period of disability, either Plaintiff himself or his attorney could have procured these records, rather than expecting the ALJ to do so. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 ("It is not unreasonable to require the claimant, who is in a better position to provide information about his own medical condition, to do so."); *Duenas v. Shalala*, 34 F.3d 719, 722 (9th Cir. 1994).

Plaintiff appears to be attempting to shift his burden of proving disability to the Commissioner. However, Plaintiff has never asserted, either at the hearing or in this action, a theory

upon which his PTSD interferes with his ability to work. The ALJ had adequate evidence to evaluate Plaintiff's testimony regarding his PTSD and did not abrogate his duty to develop the record. *See Grissom v. Astrue,* 2009 WL 1309506, at *5 (C.D.Cal. 2009) (single reference to possible history of mental health treatment did not trigger duty to further develop record where claimant offered no other evidence of such treatment); *Orcutt v. Barnhart*, 2005 WL 2387702, at *4 (C.D.Cal. 2005) ("An ALJ does not fail in her duty to develop the record by not seeking evidence or ordering further examination or consultation regarding a physical or mental impairment if no medical evidence indicates that such an impairment exists.").

In addition, the ALJ properly relied upon the testimony of medical expert Dr. David Glassmire, Ph.D., who reviewed all of Plaintiff's medical records and determined that there was nothing in the evidence to support a determination of PTSD prior to March 2004, when Plaintiff was diagnosed with PTSD by the VA. (AR 12, 703-706.) *See Morgan v. Comm. of Social Sec. Admin*, 169 F.3d 595, 600 ("Opinions of a nonexamining, testifying medical advisor may serve as substantial evidence when they are supported by other evidence in the record and are consistent with it.").

Plaintiff has failed to show that the evidence is ambiguous or that the record is inadequate to allow for proper evaluation of the evidence. The ALJ was under no obligation to further develop the record. *See Mayes*, 276 F.3d at 459-60.

//
//
//

**IV. Conclusion**

    For the reasons stated above, the decision of the Commissioner is affirmed.

Dated: August 27, 2010

_____
Marc L. Goldman
United States Magistrate Judge

7